UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WENDY DRASHER SHEPARD,

           Petitioner,

v.                                   Case No. 3:06-cv-884-J-33HTS

JAMES MCDONOUGH,
et al.,

           Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Wendy Drasher Shepard initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on October 10, 2006.[1] Petitioner challenges a 2001 state court (St. Johns County, Florida) judgment of conviction for arson, the use and possession of a firearm in the commission of a felony and false imprisonment.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter

---

[1] The Petition (Doc. #1) was filed in this Court on October 10, 2006; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed the Petition and handed it to prison authorities for mailing to this Court (September 17, 2006). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to her state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' Response to Petition (Doc. #9) (hereinafter Response), filed March 1, 2007.[2] Petitioner Shepard was given admonitions and a time-frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #3). Petitioner has not replied, but has had a sufficient amount of time in which to do so.

Petitioner was charged with false imprisonment and use of a firearm while committing or attempting to commit a felony (Case No. CF00-1856) and first degree arson (Case No. CF00-1897). Ex. A at 1, Amended Information; Ex. A at 33, Information. Petitioner entered a plea of nolo contendere to all the charges, was adjudicated guilty and was sentenced on November 8, 2001. Ex. A, Transcript of the November 8, 2001, Proceedings (hereinafter Tr.), at 209-11. In Case No. CF00-1856, Petitioner was sentenced to ten years of imprisonment for false imprisonment with a three-year minimum mandatory for the use of a firearm and ten years of imprisonment for the offense of using a firearm during the commission of a felony, to run concurrently to each other. Ex. A at 21-30; Tr. at 209-10. And, in Case No. CF00-1897, Petitioner was sentenced to twenty years of imprisonment for arson, to run

---

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex."

concurrently to the sentences imposed in Case No. CF00-1856. Ex. A at 43-47; Tr. at 210-11.

On direct appeal, the Public Defender's Office filed an Anders[3] brief and moved to withdraw on the basis that the appeal was frivolous. Ex. B; Ex. C. The State filed a response, stating that it did not intend to file a brief unless directed to do so. Ex. D. Petitioner filed a *pro se* brief, raising three claims for relief. Ex. E. The State filed a supplemental response, stating that it did not intend to file a brief unless directed to do so. Ex. F. On September 17, 2002, the appellate court per curiam affirmed without issuing a written opinion and granted the Public Defender's motion to withdraw. Shepard v. State, 827 So.2d 1014 (Fla. 5th DCA 2002); Ex. G; Ex. H. The mandate was issued on October 4, 2002. Ex. I.

Petitioner's conviction became final on December 16, 2002 (ninety days after entry of the judgment).[4] See Supreme Court Rule 13.3.[5] This was <u>after</u> the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year from the date her case

---

[3] Anders v. California, 386 U.S. 738 (1967).

[4] On November 18, 2002, Petitioner filed a *pro se* Motion for Modification of Sentence, which was summarily denied by the trial court on November 20, 2002. See Response at 3.

[5] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

4

became final to file the federal petition (December 16, 2003). Her Petition, filed in this Court on September 17, 2006, would be untimely unless she could avail herself of one of the statutory provisions which extends or tolls the time period.

On or about July 27, 2004 (after the one-year period of limitation had run)[6], Petitioner filed a *pro se* motion for post conviction relief, raising fourteen claims. Ex. J at 1-34. On October 20, 2004, the court granted Petitioner an evidentiary hearing on ground two and denied the other grounds. Id. at 143-55. On April 15, 2005, an evidentiary hearing was held, at which Petitioner was represented by counsel. Id. at 212. On April 19, 2005, the court denied relief as to ground two. Id. at 181-83. On June 6, 2006, the appellate court per curiam affirmed without issuing a written opinion. Shepard v. State, 933 So.2d 539 (Fla. 5th DCA 2006); Ex. N. Petitioner's motion for rehearing was denied on July 13, 2006. Ex. O.

On or about June 19, 2006, Petitioner filed a *pro se* Petition to Invoke Discretionary Jurisdiction in the Supreme Court of Florida. Ex. P; Ex. Q. On August 8, 2006, the Supreme Court of

---

[6] When post conviction motions are filed after the expiration of the federal limitation period, the motions cannot toll the limitation period because there is no period left. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitation period), cert. denied, 534 U.S. 1144 (2002).

5

Florida dismissed the petition for lack of jurisdiction. <u>Shepard v. State</u>, 937 So.2d 666 (Fla. 2006); Ex. R.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitation period should not be imposed upon her. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1.   This case is **DISMISSED** with prejudice.

2.   The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 24th day of May, 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

sc 5/23
c:
Wendy Drasher Shepard
Assistant Attorney General (Hagan)